# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**BENJAMIN WHITFIELD,**

    **Plaintiff,**

vs.                                      **Case No. 4:16cv784-RH/CAS**

**J. SANTO, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

On December 20, 2016, Defendant R. Langley filed a notice of removal, ECF No. 1. Defendant Langley asserted that this Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1441 because Plaintiff's complaint raised claims pursuant to 42 U.S.C. § 1983. *See* ECF No. 1, Ex. A. A review of the complaint was made and it was concluded that the Court had original jurisdiction over Plaintiff's claims. ECF No. 5.

In accepting the notice of removal, however, it was also noted that the complaint listed a number of Defendants in addition to Defendant Langley. It was not clear which Defendants had been served with process.

The Order required the parties to advise, if known, whether service of process must be carried out in this Court on the other Defendants. ECF No. 5.

On January 19, 2017, a motion to remand the case back to state court was filed by fifteen Defendants. ECF No. 7. The motion notes that eleven of the Defendants were served on November 29, 2016, prior to Defendant Langley's service on December 9, 2016. *See* ECF No. 1 at 2, ECF No. 7 at 2. A motion for an extension of time was filed in state court the day before the notice of removal was filed in this Court. ECF No. 7 at 2.

Defendants in the instant motion correctly point out that pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." "The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir. 2001). "[A] lack of unanimous consent . . . is considered a procedural defect." Russell Corp., 264 F.3d at 1044. "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the

significant federalism concerns arising in the context of federal removal jurisdiction." *Id.* at 1049 (quoted in Parke Towne N. Apartments, LLC v. Great Lakes Reinsurance (UK) PLC, No. 1:15-CV-3966-MHC, 2016 WL 5340547, at *2 (N.D. Ga. Mar. 17, 2016). Because the unanimity rule has not been met, and Defendants in the instant motion have demonstrated they do not consent to removal, ECF No. 7 at 5, this case must be remanded pursuant to 28 U.S.C. § 1447(c). Section 1447(c) requires a motion to remand on the basis of any defect "be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). This motion was timely filed on the thirtieth day and should be granted. There is no need to await a response to this motion from either Plaintiff or Defendant Langley as the lack of consent to removal is a sufficient basis on its own to remand the case.

Case No. 4:16cv784-RH/CAS

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motion to remand this case back to the state court from which it was removed, ECF No. 7, be **GRANTED** pursuant to 28 U.S.C. § 1447(c),(d).

**IN CHAMBERS** at Tallahassee, Florida, on January 26, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:16cv784-RH/CAS